## No. 17.

*Court of Appeals, Fourth Circuit, Parish of East Raton Rouge.*

### C. D. FAVROT *v.* J. W. BATES, Sheriff.

1. A party to the appeal who himself makes a statement in his brief of the agreement between the parties to the suit, restricting the issues to be decided by the Court to well defined points, is bound by that agreement, and the appellate court is restricted to the consideration of these issues.
2. The judgment in the hypothecary action, and the recording thereof in the mortgage book, have no effect after the extinguishment of the original judgment either by payment or prescription.
3. The written acknowledgment of the judgment debtor by placing the claim on which the judgment is based on his schedule in bankruptcy, may have the effect of keeping alive the debt evidenced by the judgment, but not the judgment itself.  31 La. A. 397.

*Appeal from Seventeenth Judicial District, East Baton Rouge. H. N. Sherburne, Judge.*

*C. D. Favrot,* in person.

*Herron & Beale,* for defendant, appellee.

The opinion of the Court was delivered by S. P. GREAVES, Esq., judge *ad hoc, vice* McVay, Judge, recused, having sat in the case as District Judge.

GREAVES, Judge *ad hoc.*—In this case the appellate court is relieved from the consideration of many of the points raised by the pleadings by the following statement contained in the brief furnished us by the appellant:

" By agreement of the attorneys, the injunction was tried and restricted to two points.

" James A. Payne takes the ground that the judgment of Mrs. Young against N. K. Knox, although it may be a personal claim against Knox, has ceased to be an encumbrance on the property in controversy, and that for the want of registry she should, therefore, be enjoined forever from prosecuting her claim against said property to the prejudice of James A. Payne.

" And the attorney for Mrs. Young pretends that James A. Payne has no mortgage on the aforesaid property, because the first judgment, that of Payne *v.* Young, has prescribed and not been revived, and that the second judgment, that of Payne *v.* Knox, although recorded previous to the peremption of the first inscription, and while the first judgment was alive, cannot be operated without the existence of the first judgment."

By the terms of the above agreement, as stated by the plaintiff himself, we are bound to conclude that the plea of prescription, filed by him on the 22d November, 1879, against the original judgment of Mrs. Young, was waived, or at least not to be urged on the trial of the issue involved, the plaintiff relying upon his inscription against Knox and the want of inscription of the judgment of Mrs. Young against Knox.

On the other hand, by this agreement Mrs. Young is expressly permitted to urge her plea of prescription against the original judgment of Payne against Young.

Under this view of the agreement, as stated by the plaintiff, it is unnecessary to consider what might have been the fate of plaintiff's plea of prescription if urged on the trial. Mrs. Young might possibly have shown an interruption of prescription against her judgment, or that her judgment was not prescribed.

That the plea of prescription of Mrs. Young was well taken, and that the executory effect of the judgment against Knox in the hypothecary action was dependent on the existence of the judgment in the case of Payne *v.* Young, we have no doubt.

The plaintiff admits that if the judgment of Payne had prescribed after service of citation upon Knox in the hypothecary action, but before judgment, as decided in 31 La. An. 395, the judicial mortgage and the hypothecary action authorized by the mortgage would have both perished, but seems to contend that, having obtained judgment against Knox and caused his judgment to be inscribed before the judgment against Young had prescribed, that neither Knox nor the creditors of Young could set up the extinguishment of the mortgage claim by the prescription of the judgment on which it is based, but that the plea is a personal one to Young or his heirs.

We cannot assent to this position. It is equally true, that a debt may be discharged by prescription as well as by payment, La. Civil Code, Arts. 3457, 3459; and if a mortgage claim is extinguished by payment it would be absurd to claim that a judgment *in rem* can be enforced against the third possessor for a repetition of payment.

We have, however, no doubt that mortgage creditors, and all others having an interest in the extinguishment of a claim by prescription, may plead it. La. Civil Code, Art. 3466.

In order to show an interruption of prescription of the judgment in Payne *v.* Young, plaintiff offered in evidence the schedule in bankruptcy, signed by Jacob Young, from which it appears that Young placed thereon James A. Payne as a creditor for $300 by note for merchandise, and offered to prove by parol evidence that said note was merged into a judgment of which plaintiff is transferee. The court refused to allow said parol evidence for the purpose of taking the judgment out of prescription, and the bill of exceptions taken by plaintiff to the ruling of the court is before us.

Whatever might have been the effect of the signing of the

schedule by Young, had the claim of Payne been placed thereon as a judgment and mortgage claim, the lower court was justified in refusing to admit parol evidence beyond what was contained in the written act, which was offered in evidence for the purpose of interrupting prescription of the original judgment; but even had the facts, sought to be proved, been shown by competent evidence, under the concurring opinion of Justice Spencer, in 31 La. An. 397, the written acknowledgment of the debtor might keep alive the debt evidenced by the judgment, but not the judgment itself.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court appealed from be affirmed, with costs in both courts.